No. 37,882

IRA M. FOSTER, *Appellant*, v. THE CITY OF AUGUSTA, KANSAS, *Appellee.*

No. 37,883

LAURENCE L. WILSON, *Appellant*, v. THE CITY OF AUGUSTA, KANSAS, *Appellee.*

No. 37,886

CATHERINE CARTER, *Appellant*, v. THE CITY OF AUGUSTA, KANSAS, *Appellee.*

No. 37,887

M. S. LOOMIS, *Appellant*, v. THE CITY OF AUGUSTA, KANSAS, *Appellee.*

No. 38,000

IRA M. FOSTER, *Appellee*, v. THE CITY OF AUGUSTA, KANSAS, *Appellant.*

No. 38,001

LAURENCE L. WILSON, *Appellee*, v. THE CITY OF AUGUSTA, KANSAS, *Appellant.*

No. 38,002

M. S. LOOMIS, *Appellee*, v. THE CITY OF AUGUSTA, KANSAS, *Appellant.*

No. 38,042

CATHERINE CARTER, *Appellee*, v. THE CITY OF AUGUSTA, KANSAS, *Appellant.*

(223 P. 2d 730)

Opinion filed November 10, 1950.

. *John F. Eberhardt,* of Wichita, argued the cause, and *J. B. McKay,* of El Dorado, and *George Siefkin, George B. Powers, Samuel E. Bartlett, Carl T. Smith, Stuart R. Carter, Thomas E. Woods and Robert C. Foulston, Jr.,* all of Wichita, were with him on the briefs for the appellants in cases numbered 37,882, 37,883, 37,886 and 37,887, and for the appellees in cases numbered 38,000, 38,001, 38,002 and 38,042.

*K. M. Geddes* and *George J. Benson,* both of El Dorado, argued the cause, and *Fred R. Vieux,* of Augusta, was with them on the briefs for the appellee in cases numbered 37,882, 37,883, 37,886 and 37,887, and for the appellant in cases numbered 38,000, 38,001, 38,002 and 38,042.

The opinion of the court was delivered by

PRICE, J.: These consolidated eight appeals are the third appearance in this court of litigation involving the parties in their actions to recover damages from the City of Augusta alleged to have resulted from a flood control project undertaken by the city.

The factual background of the matter is set forth in our two former opinions in *Loomis v. City of Augusta,* 151 Kan. 343, 99 P. 2d 988, and *Foster v. City of Augusta,* 165 Kan. 684, 199 P. 2d 779, and need not be repeated here.

Pursuant to directions in the opinion in the latter case each of these four claimants filed an amended petition which, after setting forth the factual background of his or her respective claim, alleged damage in a stated amount as a result of the flood control project undertaken by the city. A copy of the exceptions to the report of the appraisers originally filed with the governing body of the city in each instance was attached to each amended petition respectively, as Exhibit "A."

The city moved to strike certain allegations from each amended petition and Exhibit "A," and this motion was sustained in part in each instance.

Following the lower court's rulings in this respect the city answered, in each case alleging (1) that any pretended cause of action was barred by the statute of limitations; that defendant city constructed the levee under statutory authority, and that any damage sustained by the claimant was indirect, consequential, speculative and incapable of measurement; (2) that the decision in

the Loomis case, *supra,* was *res judicata*; (3) that by reason of the long delay and acquiescence in that decision the claimant was estopped from maintaining the action, and (4) that the court had no jurisdiction of the subject matter; that several alleged causes of acion were improperly joined and that the amended petition did not state facts sufficient to support a cause of action.

Each claimant then filed a reply consisting of a general denial of all matters set out in the answer inconsistent with the allegations and denials contained in the amended petition.

In each case the defendant city then countered with a motion for judgment on the pleadings, alleging in support thereof that under the admitted facts and the law the claimant was not entitled to recover.

Each of these motions for judgment on the pleadings was overruled by the lower court.

Appeals numbered 37,882, 37,883, 37,886 and 37,887 are appeals respectively by the claimants from the order of the lower court sustaining in part the city's motion to strike certain allegations from their respective amended petitions.

Appeals numbered 38,000, 38,001, 38,002 and 38,042 are appeals respectively by the city from the order of the lower court denying its motion for judgment on the pleadings.

Claimants concede that in view of the lower court's order denying the city's motion for judgment on the pleadings in each case their appeals from the order striking certain allegations from their respective amended petitions and exhibits attached thereto have become relatively unimportant, but contend that if the rulings are permitted to stand they would be unduly restricted in their proof at the trial of the cause. Notwithstanding that ordinarily a ruling on a motion to strike is not an appealable order and that the matters presently complained of are not properly before us, in view of the fact this is the third appearance of this litigation in this court, and in view of our disposition of the city's appeal from the orders denying its motion for judgment on the pleadings, we have considered claimants' contentions. No useful purpose would be served and nothing would be added to the body of our law by encumbering this opinion with a detailed discussion of those allegations which were stricken. It is sufficient to say, however, that we have examined them and are of the opinion that substantial rights of claimants were affected adversely by the lower court's ruling. Even so, as

we have already indicated, such conclusion does not warrant a reversal of the judgments.

In support of the city's appeal from the order denying its motion for judgment on the pleadings, counsel for the city argue that in the Foster case, *supra,* this court authorized claimants to amend their petitions by setting up permanent damage to their respective land resulting from the flood control project undertaken by the city and that, as such claims are identical to those made when they first filed their claims with the city, and, having asserted such claims in the Loomis case, *supra,* and lost, this court's decision in that case was a final determination of the question and is *res judicata.* In other words, it is contended that by our decision in the Foster case claimants had but one cause of action, based on the damage resulting from the construction of the levee, that those claims were first asserted in the Loomis case and denied, and further, that since they were also denied recovery on their theory of 1944 flood damage in the Foster case, they should not now be permitted to back up and assert their original claims.

We are not unmindful of the force of the city's argument in this respect but are of the opinion that it completely overlooks the force and effect of what was said in the Foster case, *supra,* where it was held:

"The remedial rights of the objectors originally available were to have their objections heard on appeal by the district court. That right should not be denied now. Their objections and claims were for permanent damages to their real property by reason of the construction of the levee." (p. 693.)

In that decision each of the instant claimants was directed to amend his or her petition to conform to our interpretation of the statute. That was done, and, as we read the amended petitions now before us, the claim for damages in each is based upon the alleged diminution in value of the particular tract by virtue of the flood control project undertaken and completed by the city—that is, the difference in value immediately before and immediately after the undertaking. We think such measure of damages is in accord with the meaning of the statutes under consideration and with our decision in the Foster case, *supra;* that each of the amended petitions states a cause of action, and that the city's motion for judgment on the pleadings, which was tantamount to a demurrer, was properly overruled.

In passing, we take note of the city's contention that Ira M. Foster is precluded from recovery on account of the fact that it was

his father, Ira T. Foster, who filed a claim with the city. We think this matter was adequately covered by what was said in the Foster case, *supra,* and that provided Ira M. Foster establishes his rights as there conditioned or by other lawful conveyance, the city's contention is without merit.

The city also contends that claimant, Catherine Carter, is not entitled to recover for the reason that in her original claim against the city she claimed to own the fee to the tract in question, whereas, in truth and in fact, she was the owner of a life estate only, such fact being admitted in her last amended petition. While the matter is not argued in the city's brief and therefore could be considered as abandoned, nevertheless we have examined the question and are of the opinion the only actual question arising with respect to this is the measure of her right of recovery and to whom the award, if any, should be paid. The general rule is that the holder of a life estate, as well as the remainderman, is entitled to compensation when his property is taken for public use. (18 Am. Jur., Eminent Domain, § 233, p. 867.) Here the remainderman did not file any claim for damage with the city. The award to the life tenant should be on the basis of what damage, if any, has been sustained by her life tenancy, and such award should be paid directly to her.

From what has been said it therefore follows that the rulings and judgments appealed from are affirmed.